UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CASE NO.: 1:18 CR 00247 |
| Plaintiff | ) | |
| | ) | JUDGE BENITA PEARSON |
| -vs- | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| **RAMON SALAS** | ) | |
| | ) | |
| Defendant | ) | |

Now comes the Defendant, Ramon Salas, by and through counsel, and hereby submits the following Sentencing Memorandum outlining Defendant's sentencing position in the above matter.

Respectfully submitted,

*s/ David L. Grant*
**DAVID L. GRANT  (#0008407)**
***GRANT & O'MALLEY CO., L.P.A.***
IMG Building
1360 East Ninth Street, Suite 600
Cleveland, OH 44114
(216) 241-6868
(216) 241-5464  (FAX)
**ATTORNEY FOR DEFENDANT**

I. **APPLICATION OF THE FACTORS SET FORTH IN 18U.S.C. 3553(A) INDICATES THAT DEFENDANT SHOULD RECEIVE A SENTENCE NO GREATER THAN THE LOWEST END OF THE APPLICABLE GUIDELINE RANGE**

When sentencing a defendant, the court must consider all of the sentencing factors enumerated in 18 U.S.C. § 3553(a). These factors include:

1) The nature and circumstances of the offense and the history and Characteristics of the defendant;

2) The need for the sentence imposed –

   (A) To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

   (B) To afford adequate deterrence to criminal conduct;

   (C) To protect the public from further crimes of the defendant; and

   (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) The kinds of sentences available;

4) The advisory guideline range;

5) Any pertinent policy statements issued by the sentencing commission;

6) The need to avoid unwarranted sentence disparities.

Regarding the nature and circumstances of the offence, Mr. Salas facilitated the delivery of cocaine to the Cleveland area on three occasions. He also arranged for drug payments to be made to several banks under false names. Mr. Salas was not the original supplier of the cocaine. No weapons were involved nor any type of violence. The laundered drug money has now been re-paid to the Government.

Mr. Salas' history and background are significant in this case. He is 40 years old and this case is Mr. Salas' first involvement with the criminal justice system. The pre-sentence investigation report specified his eligibility for safety valve based upon a lack of criminal history.

Ramon Salas is a high school graduate and has been married to Altania for twenty years. He has three minor children ages 17, 13 and 9. Prior to his arrest, Mr. Salas was involved in two legitimate businesses selling jewelry and women's clothing. Unfortunately he fell into some hard times and gave in to the lure of easy money.

As indicated in the attached letters from friends and family (Exhibits "A" through "J") Mr. Salas' conduct was an aberration. Those close to him expressed shock at his involvement in drug trafficking. He is described as a kind, serious and dependable individual. He has been a loving father who has been intricately involved with his children's life. Mr. Salas was also active in the community, managing and coaching soccer teams as well as organizing soccer camps and tournaments.

Mr. Salas' activism did not dissipate after his arrest. He has involved himself in self-improvement opportunities at CCA. He also started a soccer program at the institution and is a leader in religious programming for inmates. Given his history and background, Mr. Salas' involvement in drug activity is hard to fathom.

Mr. Salas is an intelligent, gentle individual who has no violent tendencies. He is not a threat to the community. A sentence at the lowest guideline range is a punishment and a detriment. Particularly in light of Mr. Salas' separation from his family for a significant period. A sentence no greater than the lowest end of the 108 to 135

month guideline range will not demean the seriousness of Mr. Salas' conduct. Mr. Salas has never previously been incarcerated for any period of time.

Mr. Salas does have a problem with marijuana and he will ask for the Court's recommendation that he be placed in the 500 hour intensive drug treatment program. He has a verifiable drug problem. He has no mental health issues and he is willing to sign a participation agreement at the institution for entrance into the program.

II. DEFENDANT SHOULD NOT RECEIVE A FINE IN THIS MATTER

The pre-sentencing investigation report in Paragraph 59 shows that Mr. Salas had a negative cash flow for income and expenses. Moreover, he has not worked since his arrest, thus further reducing his family's income stream. As previously indicated, Mr. Salas has returned the laundered drug money. A fine of any significance would simply place an undue hardship on his wife and children.

Respectfully submitted,

s/ David L. Grant
**DAVID L. GRANT  (#0008407)**
**GRANT & O'MALLEY CO., L.P.A.**
IMG Building
1360 East Ninth Street, Suite 600
Cleveland, Ohio 44114
(216) 241-6868
(216) 241-5464 – Facsimile
lawyer4444@aol.com
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing Sentencing Memorandum has been filed electronically this 8th day of March, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

*s/ David L. Grant*
**DAVID L. GRANT (#0008407)**
*GRANT & O'MALLEY CO., L.P.A.*
**ATTORNEY FOR DEFENDANT**