PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:18CR247 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| RAMON SALAS, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 36] |

Pending before the Court is Defendant Ramon Salas' Motion for Compassionate Release re First Step Act of 2018 (COVID-19). ECF No. 36. Defendant supplemented the motion at ECF No. 37[SEALED]. The Government submitted a response in opposition. ECF No. 41. The Government filed their own supplement at ECF No. 42[SEALED]. The Court has reviewed the parties' filings, exhibits, and the applicable law. For the reasons stated below, Defendant's Motion for Compassionate Release (ECF No. 36) is denied.

## I. Background

On November 7, 2018, Defendant Ramon Salas pleaded guilty to three-counts of a five-count indictment, with the other two counts dismissed by the government. The counts pleaded included: Conspiracy to Possess with Intent to Distribute and Distribute Cocaine, Distribution of Cocaine, and Money Laundering in violation of 21 U.S.C. § 846, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 1956(a)(3)(A). The Court sentenced Defendant Salas to 108 months

(1:18CR247)

for Counts 1 to 3 to run concurrently followed by three years of supervised release on May 2, 2019. Defendant is currently 43 years old and is serving his sentence at RRM Phoenix.[1]

Defendant brings this motion asking the Court to grant his compassionate release on the grounds that he has severe health conditions that amount to extraordinary and compelling reasons for release considering COVID-19. The Government argues that any of Defendant's extraordinary reasons for release are foreclosed by his prior poor management of his health conditions and his vaccination status. The § 3553(a) factors also counsel strongly against release.

## II. Analysis

"Title 18 U.S.C. § 3582(c)(1)(A) allows courts, when 'warrant[ed]' by 'extraordinary and compelling reasons[,]' to reduce an incarcerated person's sentence." United States v. McCall, 20 F.4th 1108, 1111 (6th Cir. 2021) (quoting United States v. Jones, 980 F.3d 1098, 1104 (6th Cir. 2020). "This is known as 'compassionate release,' and although it has existed since 1984, courts 'rarely considered' motions until 2018 because [before then] 'a court [could] grant relief *only*'" on a motion by the Federal Bureau of Prisons ("BOP"). Id. (quoting United States v. Ruffin, 978 F.3d 1000, 1003 (6th Cir. 2020)). "In 2018, the First Step Act revised § 3582, allowing incarcerated persons to file motions for compassionate release in federal court without BOP approval after either exhausting the BOP's administrative process, or waiting at least thirty days

---

[1] Defendant's anticipated release date is Jan 30, 2025. *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Nov. 2, 2022). RRM Phoenix Residential Reentry Management Field Office. https://www.bop.gov/locations/ccm/cph/ (last visited Nov. 2, 2022). The BOP does not publish records on the COVID-19 Statistics for such offices. https://www.bop.gov/coronavirus/ (last visited Nov. 2, 2022).

.

2

(1:18CR247)

for a response from their warden. *Id*. (citing *Jones*, 980 F.3d at 1105). "This procedural change, paired with COVID-19's devastating surge through our nation's prisons, has caused a sharp increase in both filings and grants of compassionate-release motions." *Id*. (citing *Jones*, 980 F.3d at 1105).

"A court may grant compassionate release when it finds three requirements are satisfied." *Id*. "First, the court must 'find[ ]' that 'extraordinary and compelling reasons warrant' a sentence reduction." *Id*. (citing *Jones*, 980 F.3d at 1107–08). "Second, the court must 'find[ ]' that 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Id*. (citing *Jones*, 980 F.3d at 1108). United States Sentencing Guideline ("USSG") 1B.13 "is not an 'applicable' policy statement in cases which incarcerated persons file their own motions in district court for compassionate release," so district courts "may skip step two of the § 3582(c)(1)(A) inquiry." *United States v. Pegram*, 843 F. App'x 762, 764 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1101, 1111). "Third, the court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *McCall*, 20 F.4th at 1111 (citing *Jones*, 980 F.3d at 1108). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

### A. Exhaustion

A criminal defendant is permitted to file a motion for compassionate release only after "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

(1:18CR247)

request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Warden Colbert denied Defendant's request for compassionate release on September 15, 2021. ECF No. 37 at PageID #: 189[SEALED]. This request for compassionate release came after the expiration of the mentioned 30-day period. Defendant, therefore, has exhausted his administrative rights in this case.

### B. Extraordinary and Compelling Reasons

The Court has full discretion "to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones*, 980 F.3d at 1109. Although an increased risk of COVID-19 is a portion of the extraordinary and compelling reasons analysis, the presence of a medical diagnosis that leads to an increased risk of severe illness does not automatically constitute an extraordinary and compelling reason for release. "[M]edically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)).

Defendant argues that his worsening medical conditions paired with the lack of access to necessary medical care and the crowded prison environment is an extraordinary and compelling enough reason to justify a reduction of his sentence. In addition to a diagnosis of Type I Diabetes, Defendant suffers from the following symptoms: diabetic nephropathy, hypertension, multiple hypoglycemia episodes in which he has become unresponsive, hypertension, essential hand tremor, tachycardia, GERD (gastroesophageal reflux disease), vision problems (external hordeolum of the right eye, retinopathy), nephropathy in his heels, and hyperpigmentation

4

(1:18CR247)

venous stasis. ECF No. 36 at PageID #: 164–65. Given his poor health, Defendant claims that not only is he more susceptible to contracting COVID-19, but that it could be fatal for him if he were to contract COVID-19. ECF No. 36 at PageID #: 164–65.

When determining whether extraordinary and compelling reasons for release exist, the Court may look to guidance from the CDC. See *Elias*, 984 F.3d at 521. The current CDC guidance confirms that diabetes and hypertension are medical conditions that can cause severe cases of COVID-19. *See COVID-19, People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 2, 2022). Nevertheless, when a defendant is at fault for the worsening of his medical conditions, he cannot rely on his medical conditions as extraordinary and compelling reasons for compassionate release. See *United States v. Bethel*, No. 3:08-CR-118, 2020 WL 7321372, *3 (E.D. Tenn, Dec. 11, 2020) (refusing to classify poorly managed conditions created by a defendant's refusal to comply with recommended medical care, as extraordinary and compelling reasons). As the Government points out, Defendant's medical records note that he has, in the past, not regularly tested his blood sugar as required to manage his chronic conditions. See ECF No. 42 at PageID #: 498 [SEALED]. Defendant's mismanagement of his own health negates the presence of an extraordinary and compelling reason for release. See *United States v. Bethel*, No. 3:08-CR-118, 2020 WL 7321372, *3 (E.D. Tenn, Dec. 11, 2020).

Additionally, the Court finds that Defendant is unable to establish extraordinary and compelling reasons because his access to the COVID-19 vaccine and vaccinated status make the contraction of COVID-19 less likely, and less dangerous, if contracted. Under the guidance given by *Traylor* and *Lemons*, a Defendant's vaccination status seriously abates any compelling reason

5

(1:18CR247)

for release related to COVID-19. *See* United States v. Traylor, 16 F.4th 485 (6th Cir. 2021); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021). Defendant is fully vaccinated,[2] entirely diminishing any extraordinary or compelling reason for release. *See*, *e.g.*, United States v. Fowler, No. 21-5769, 2022 WL 35591, at *1 (6th Cir. Jan. 4, 2022) (ruling that defendant "has access to the vaccine and has received at least one dose, so he cannot demonstrate that his COVID-19 risk is an 'extraordinary and compelling' reason that warrants compassionate release"); United States v. Wymer, No. 3:13-CR-00134-JGC-1, 2021 WL 5707188, at *2 (N.D. Ohio Dec. 1, 2021) (reasoning that defendant was unable to establish extraordinary and compelling reasons for release because "once an inmate has access to the COVID vaccine, he or she cannot show that a fear of contracting the virus is extraordinary or compelling"); United States v. McIlveen, No. 4:15-CR-00403, 2021 WL 2463847, at *3 (N.D. Ohio June 17, 2021) (finding that defendant could not demonstrate "extraordinary and compelling reasons" required for compassionate release because defendant had access to the COVID-19 vaccine).

Furthermore, the Court notes that since filing the motion, Defendant has been transferred to the supervision of the Phoenix Residential Reentry Management field office.[3] When prisoners are transferred to the Residential Reentry BOP program, they are either placed in home confinement or in a halfway house or a similar facility, as opposed to the traditional prison setting Defendant was in when he was recently housed at USP Tucson. Therefore, Defendant's move to the Residential Reentry program itself also significantly diminishes any extraordinary or compelling reason for release.

---

[2] BOP records establish that Defendant has received two doses of the Pfizer-BioNTech COVID-19 vaccine. *See* ECF No. 42 at PageID #: 393 [SEALED].

[3] *See supra* note 1.

(1:18CR247)

### C. 18 U.S.C. § 3553(a) Factors

Regardless of whether Defendant's health conditions constitute an extraordinary and compelling reason for release, the section 3553(a) factors strongly counsel against Defendant receiving a reduction in sentence.  In accord with 18 U.S.C. § 3553(a), the Court must analyze "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as what the Sixth Circuit has summarized as "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law."  *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

The relevant factors in the case at bar are sections 3553(a)(1), 3553(a)(2)(A), a(2)(B), a(2)(C), and 3553(a)(6).  Under section 3553(a)(1), the Court must consider the nature and circumstances of the offense and history and characteristics of the defendant.  The nature and circumstances of Defendant's offense, trafficking drugs through a sophisticated inter-state drug trafficking organization, strongly disfavors sentence reduction.  When considering section 3553(a)(2)(B), the Court must consider if the sentence affords adequate deterrence to criminal conduct.  In the case at bar, the seriousness of the crime here again causes the Court to eschew reduction, because the sentence imposed adequately deters at its current length and a reduction would diminish that deterrence, both specific and general.  Additionally, the Court points out that Defendant received the lowest term of imprisonment recommended under the advisory guidelines, suggesting that any further reduction would not promote respect for the law.  When analyzing section 3553(a)(2)(C), the Court must consider if the sentence protects the public from further crimes of the defendant.  In this case, reduction would constitute an unacceptable risk that the public would be harmed by Defendant.  Defendant makes a conclusory statement that he is not a danger to the community, but Defendant's actions of selling drugs and contributing to a

7

(1:18CR247)

robust drug marketplace has victimized many people and their families in the community at large. Section 3553(a)(6) requires the Court to consider unwarranted sentencing disparities among defendants. This factor also cuts against Defendant's request because the Court has already imposed the lowest term of imprisonment allowed under the guidelines, demonstrating that Defendant was already given a lesser sentence than could have been imposed for his crimes. In this case, the balance of the factors in 3553(a) all strongly disfavors any sentence reduction.[4]

In addition, early release is not warranted because Defendant still has a significant portion, over two years, of time remaining on his sentence and there is no indication that Defendant's RRM housing has a COVID-19 outbreak or unusually unsafe. *United States v. Harris*, No. 4:18 CR 115, 2020 WL 4462256, at *3 (N.D. Ohio Aug. 4, 2020) (acknowledging that the 18 U.S.C. § 3553(a) factors generally "favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining").

When imposing a sentence, the Court's task is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes of the statutory sentencing scheme." *United States v. Presley*, 547 F.3d 625, 630–31 (6th Cir. 2008). Therefore, any departure from the sentence the Court previously imposed would render said sentence insufficient. The record before the Court does not encourage a sentence reduction.

---

[4] The Court also incorporates the analysis of the 3553(a) factors that the Court indicated at sentencing.

(1:18CR247)

### III. Conclusion

Finding that Defendant's Motion does not satisfy the requisite factors for compassionate release, the Court denies Defendant's Motion for Compassionate Release (ECF No. 36) on the merits.

IT IS SO ORDERED.

| | |
|---|---|
| November 3, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |